```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF VIRGINIA
             DANVILLE DIVISION
```

| | |
|---|---|
| DEVON WILSON, ) | |
| ) | Case No. 4:07CV00021 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CARL ANDREW TURNER ) | By: Jackson L. Kiser |
| and ) | Senior United States District Judge |
| TONY RAY COOK, ) | |
| ) | |
| Defendants. ) | |

Before me are motions that were argued orally in this Court on December 11, 2007. Plaintiff has made a [12] *Motion to Strike Affirmative Defenses*, and Defendant Tony Ray Cook has made a [22] *Motion for Summary Judgment*. Plaintiff has responded to the latter motion, and added a [28] *Motion for Partial Summary Judgment*. These motions and the issues which they address have been fully briefed and are ripe for decision. For the reasons I state below, I will **GRANT** partial summary judgment to Defendant Cook on his federal claim and deny both of Plaintiff's motions. I will also dismiss Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff Devon Wilson ("Wilson") filed suit against defendants Carl Andrew Turner ("Turner") and Tony Ray Cook ("Cook") in the United States District Court, alleging claims under the Federal Motor Vehicle Information Act (the "Odometer Act"), the Virginia Odometer Tampering Act, the Virginia Consumer Protection Act, and for actual fraud under Virginia law. Plaintiff filed her complaint on April 24, 2007, alleging subject matter jurisdiction based upon the Odometer Act claim, which invokes a federal cause of action and therefore jurisdiction lies

in this Court under 28 U.S.C. § 1331. The remaining claims fall within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

Plaintiff states that Cook bought a 1998 Chevrolet Malibu (the "Vehicle") that had more than 149,000 miles on its odometer at an auction sometime between January 5, 2006, and September 1, 2006. *Complaint* 2. During the period in which Cook had control of the vehicle, his son, Cook, Jr., to perform a repair on the speedometer cluster that involved replacing the odometer. *Affidavit of Tony Ray Cook, Jr.* 1-2. After this repair, Cook and his agents did not reset the new odometer to zero, because Cook, Jr. claims that he did not know how to do so without breaking the glass covering the speedometer cluster. *Id.* at 2. Cook, Jr. claims that he then affixed a notice ("Sticker") to the inside of the driver's doorframe near the Vehicle Identification Number for the Vehicle, denoting that an odometer repair had occurred on a certain date and listing the odometer readings before and after the repair. *Id.* at 2-3.

During the time before the Vehicle was sold to Turner, Cook, Jr. and Turner would allegedly ride in the Vehicle together from time to time, as they were friends. *Id.* at 3. Cook, Jr. claims to have had a specific conversation about the odometer repair and its inaccuracy with Turner while they were riding in the Vehicle and prior to sale. *Id.* When Cook, Jr. and Turner went to the Department of Motor Vehicles together to perform the transfer of title, Cook, Jr. allegedly ensured that Turner would receive a "not actual miles" title. *Id.* at 4. Plaintiff avers that on September 1, 2006, the odometer reading on the Vehicle was 84,076. *Complaint* 2. Sometime during September, Cook sold the Vehicle to Turner. *Id.*

When Lisa Cook, who also worked for Cook's business, filled out the documents for transferring the Vehicle to Turner ("Re-Assignment Documents"), she claims to have relied on what the odometer currently read at the time of sale, as she did not know of the repair Cook, Jr.

had performed earlier in 2006 and did not check the Vehicle's prior Maryland title. *Affidavit of Lisa M. Cook* 2. After sale was consummated, Turner retained the Vehicle for a period of time, and then advertised it for sale in a local Danville, Virginia, publication as a "1998 Chevrolet Vehicle, 88k miles…" *Complaint* 2. Turner then allegedly omitted to mention that the odometer had been altered or repaired in any way, and sold the Vehicle to Plaintiff Wilson. *Complaint* 3. Plaintiff claims to have purchased the Vehicle for $3250 on or about February 23, 2007. *Complaint* 3. The Plaintiff further alleges that when she attempted to title it, she discovered that the odometer reading was not accurate, and upon contacting Turner, she was refused a refund and Turner denied any knowledge of a discrepancy in the odometer reading. *Id.*

In contradiction to Plaintiff's claims, Defendant's counsel has affixed an affidavit to his *Motion for Summary Judgment*. In the affidavit, Defendant's counsel testifies that the Re-Assignment of Title form she received from the Department of Motor Vehicles for the sale between Turner and Plaintiff reveals the sales price to be $2,000 and that the title was listed as "not actual mileage." *Affidavit of Amanda M. Morgan* 1-2.

Defendant Cook answered the *Complaint* on September 17, 2007, denying in part the allegations of Plaintiff's complaint and filing several affirmative defenses including waiver, estoppel, contributory negligence, and lack of privity. On that date, Cook also served Turner with a crossclaim. Defendant Turner has failed to file responsive pleadings to either Plaintiff's complaint or to defendant Cook's crossclaim, and I have adjudged him to be in default on both.

Plaintiff then filed a *Motion to Strike Affirmative Defenses* on October 5, 2007. Cook filed a *Motion for Summary Judgment* on October 23, 2007. Plaintiff responded with a brief opposing summary judgment, and with a Motion under Rule 56(f) requesting the Court to delay ruling on Cook's *Motion for Summary Judgment*, to give her more time for discovery on a

particular issue.[1] Finally, Plaintiff filed a *Motion for Partial Summary Judgment* against Cook on November 6, 2007, along with her response to Cook's summary judgment motion.

While there has been no discovery conducted in this case between the parties thus far, Cook has affixed two affidavits to his brief to supply the foundation for his summary judgment motion. Wilson has not disputed these affidavits, or offered affidavits of her own, but has instead sought to establish that as a matter of law that certain statements contained within Cook's affidavits entitle her to partial summary judgment on her Odometer Act claim.

## II. STANDARD OF REVIEW

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987).

Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate;

---

[1] Plaintiff's Rule 56(f) motion to delay ruling on defendant Cook's *Motion for Summary Judgment* is based solely upon Plaintiff's desire to depose Cook, Jr. and to thereby ascertain the location of the Sticker which Cook, Jr. claims to have placed inside the door of the Vehicle after the odometer repair, apparently to impeach Cook, Jr.'s affidavit. Plaintiff's motion has not, as Plaintiff's counsel admitted during oral argument, been pursued prior to the hearing on this matter. Even if successful in showing that Cook, Jr.'s deposition testimony as to the placement of the Sticker contradicted his affidavit, the remainder of the affidavit would vitiate any intent to deceive on Cook or his agents' part.

that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

I will partially grant Cook's motion for summary judgment with regard to her federal Odometer Act claim for the reasons stated below. Because I find that summary judgment is appropriate for the Defendant and that the case should be dismissed[2] from this Court, Plaintiff's *Motion to Strike Affirmative Defenses* is moot, and will be dismissed as such. I find it unnecessary to decide Plaintiff's contested state law claims, as they are before this Court only on supplemental jurisdiction, and I will exercise my discretion to dismiss them as such.

There are four causes of action asserted by Plaintiff, alleging various types of fraud upon a consumer under both federal law and the laws of the Commonwealth of Virginia. With respect to Plaintiff's claim under the Odometer Act, there exists a requirement that, as a part of her affirmative case, Plaintiff bears the ultimate burden to prove that Cook acted with an "intent to defraud." Cook, supported by two unchallenged affidavits from his agents, has argued that Plaintiff is incapable of showing the requisite level of intent required by the Odometer Act for a reasonable jury to render a judgment in her favor. After reviewing the briefs in this case and hearing oral argument from counsel, I agree.

The Odometer Act provides a private, civil cause of action against a "supplier" who, with an "intent to defraud," violates the several statutes specifying how repairers must treat odometer replacements, repairs, or services. 49 U.S.C. § 32710. The Odometer Act is not a strict liability

---

[2] The case will remain on the docket for 30 days to permit the parties an opportunity to obtain a judgment against the defaulted defendant Turner if they so choose.

statute, and requires at minimum a showing of "gross negligence" by the defendant for a plaintiff to recover. *Nelson v. Cowles Ford, Inc.*, 77 Fed. Appx. 637, 641-42 (4th Cir. 2003). "Gross negligence is negligence 'magnified to a high degree,' and 'an act or omission . . . amounting to indifference to present legal duty.'" *Id.* at 642 (citations omitted). A court in the Eastern District of Virginia has applied this standard in a similar case to refer to "the intent to deceive the transferee about the accuracy of the mileage of the vehicle." *Tripp v. Charlie Falk Auto*, 2001 U.S. Dist. LEXIS 14096, at *14 (E.D. Va. Aug. 22, 2001).

While there is no privity requirement under the Odometer Act, *Nabors v. Auto Sports Unlimited, Inc.*, 475 F. Supp. 2d 646, 654 (E.D. Mich. 2007), Plaintiff must show an "intent to defraud" with respect to *someone.* It is impossible for Cook to have intentionally defrauded someone (Plaintiff) of whose existence he was not aware where there is a third-party intermediary (Turner) at arms-length in between both Plaintiff and Defendant, barring evidence of some conspiracy with the intermediary himself. However Plaintiff has not pressed an argument that Cook had any contact with the Plaintiff at any time, or actually plotted with Turner to defraud the Plaintiff. In this case, the target of fraudulent intent can only be Turner, which whom Cook and his agents had a contractual relationship.[3] There is not even a scintilla of evidence showing an intent to defraud Turner by Cook or his agents, and unchallenged sworn affidavits affirm that Cook was verbally informed of the odometer repair and its ensuing inaccuracy by Cook, Jr. Thus, where the only possible target of fraud (Turner) was clearly informed that the odometer had been replaced and was inaccurate as to the true mileage of the Vehicle, there is not even the possibility of showing gross negligence by Cook and his agents,

---

[3] At no time has Plaintiff alleged that Turner was an agent of Cook, or that he had any higher commercial relationship with him other than that of an arms-length transaction. Again, while Plaintiff theorized at oral argument about a conspiracy between the two defendants to defraud a later purchaser, Plaintiff has pointed to no evidence that could prove it.

and Plaintiff cannot possibly prove an "intent to defraud."

Additionally, pursuant to my discretion under 28 U.S.C. § 1367(c)(3), I decline jurisdiction over Plaintiff's remaining state law claims, and I will therefore dismiss them as well.

## IV. CONCLUSION

For the reasons stated, I will **GRANT** summary judgment for defendant Cook on the Odometer Act count of the *Complaint*. The remaining state law claims in this case will be **DISMISSED** pursuant to my authority under 28 U.S.C. § 1367(c)(3). Plaintiff's *Motion for Partial Summary Judgment* will be **DENIED**. Plaintiff's *Motion to Strike Affirmative Defenses* will be **DISMISSED** as moot, given that I am dismissing this case in its entirety.

The Clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record. The Clerk is also ordered to strike this case from the active docket of this Court.

Entered this 28th day of January, 2008.

s/Jackson L. Kiser<br>
Senior United States District Judge